**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------x
JOHN M. LARSON,                        :
                                       :
                Plaintiff,      :
                                       :
           vs.                      :  16 Civ. 245 (VEC)
                                       :
UNITED STATES OF AMERICA,              :
                                       :
                Defendant.      :
---------------------------------------x

DECLARATION OF MICHAEL A. HALPERT

1. I am currently a Program Manager in the Pass Through Entities Practice Area within the Large Business & International Division of the Internal Revenue Service ("IRS"). Prior to February 2016, I was a Program Manager in the Financial Services Area within the Large Business & International Division of the IRS. I have held the Program Manager position since 2008. I have been employed with the IRS for 30 years.

2. As a Program Manager, in conjunction with members of my team, I provide advice and review functions to all Revenue Agents in the Large Business & International Division who conduct tax shelter promoter examinations and coordinate resolution discussions with taxpayers and their authorized representatives.

3. My team and I provided the types of services discussed in paragraph 2 for the penalty examination of John M. Larson starting in 2009. In that capacity, a member of my team worked with the assigned examination team in identifying tax shelter transactions, reviewing pertinent documents, assisting in the preparation of the audit examination report, and computing the penalty for failing to register tax shelters pursuant to IRC § 6707. Together with a member of my team, I participated in discussions with Mr. Larson's authorized representative in an attempt to reach a resolution of the examination prior to referring the case to the IRS Appeals Division. I have personal knowledge of the facts in this declaration based on my work on the John M. Larson penalty examination and my review of IRS records.

4. On August 1, 2011, the IRS assessed two separate IRC § 6707 penalties against Mr. Larson—one for his failure to register a tax shelter known as the Foreign Leveraged Investment Program ("FLIP") or the Offshore Portfolio Investment Strategy ("OPIS"), and one for his failure to register a tax shelter called the Bond Linked Issue Premium Structure ("BLIPS"). The FLIP/OPIS penalty totaled 1% of the aggregate amount invested in the FLIP/OPIS shelter in calendar years 1997 through 1999, and the BLIPS penalty totaled 1% of the aggregate amount invested in

- 3 -

the BLIPS shelter in calendar years 1999 and 2000. Although each penalty is, for administrative purposes, divided across multiple years (1997-1999 for FLIP/OPIS, and 1999-2000 for BLIPS), each one is a single penalty based on a single event—the failure to register the shelter.

5. Although the FLIP and OPIS transactions were marketed at slightly different times and to different individuals, in all material respects, FLIP and OPIS were the same. FLIP and OPIS were designed to generate substantial capital losses using an entity created in the Cayman Islands. The IRS described this type of shelter as a "basis shifting" tax shelter and issued Notice 2001-45 condemning it. (IRS Notice 2001-45, 2001-2 C.B. 129, 2001 WL 847824).

6. The BLIPS shelter was designed to generate "paper" capital and ordinary losses through a series of pre-arranged transactions that involved the client purportedly borrowing money from one of four banks. The IRS describes this type of shelter as an improper "tax avoidance using artificially high basis" shelter and issued Notice 2000-44 condemning it. (IRS Notice 2000-44, 2000-2 C.B. 255, 2000 WL 1138430).

7. In 2012, the IRS reduced the amount owed by Mr. Larson for the August 1, 2011, § 6707 penalty assessments because other taxpayers, who were jointly and severally liable for some of the

- 4 -

penalties with Mr. Larson, made payments towards their joint obligations. The adjustments are reflected on Mr. Larson's account transcripts and resulted in credits totaling $92,570,667. Mr. Larson's transcripts also reflect credits based on his payment of $1,432,735 towards the portion of the BLIPS penalty for investments in calendar year 1999.

8. Subsequently, the IRS received an additional payment of $4,250,000 from other taxpayers who were jointly and severally liable for some of the penalties with Mr. Larson. The most recent payments were posted to Mr. Larson's account in March 2016, and were applied to reduce the portion of the BLIPS penalty for investments in 1999. Any payments that the IRS receives in the future from others who are jointly and severally liable for some of the penalties with Mr. Larson will be posted to his account.

9. In total, Mr. Larson still owes $1,435,052 for his Section 6707 penalty for failure to register the FLIP/OPIS tax shelter with the IRS ($0 for investments in calendar year 1997; $1,203,779 for investments in calendar year 1998; and $231,273 for investments in calendar year 1999). Mr. Larson also owes $60,098,975 for his Section 6707 penalty for failure to register the BLIPS tax shelter ($34,862,729 for investments in calendar

- 5 -

year 1999; and $25,236,246 for investments in calendar year 2000).

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 28th day of April, 2016.

_____
Michael A. Halpert