UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JOHN M. LARSON,

                     Plaintiff,

      vs.

UNITED STATES OF AMERICA,

                     Defendant.
------------------------------------------------------------x

16 Civ. 245 (VEC)


**REPLY MEMORANDUM OF LAW OF DEFENDANT UNITED STATES OF AMERICA
IN FURTHER SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT**


                                      PREET BHARARA
                                      United States Attorney for the
                                      Southern District of New York
                                      86 Chambers Street, Third Floor
                                      New York, New York 10007
                                      Telephone:  (212) 637-2769
                                      Facsimile:  (212) 637-2786

                                      *Attorney for Defendant*
                                      *United States of America*


ANDREW E. KRAUSE
Assistant United States Attorney
– Of Counsel –

**TABLE OF CONTENTS**

                                                                                   **PAGE**

I.    LARSON'S TAX REFUND CLAIM SHOULD BE DISMISSED ..................................1

        A.    The "Full-Payment" Rule Applies to Larson's Section 6707 Penalty......................1

        B.    Section 6707 Penalties Are Not Divisible ..............................................................3

        C.    The Due Process Clause of the Fifth Amendment Does Not Excuse Larson's Failure to Comply With the Full-Payment Rule .......................................5

II.    LARSON'S APA AND MANDAMUS CLAIMS SHOULD BE DISMISSED .................6

        A.    Larson's First APA Claim Should Be Dismissed Because 28 U.S.C. 1346(a)(1) Provides a Specific Legal Remedy for the Relief He Seeks......................................................................................................7

        B.    Larson Cannot Compel the IRS to Provide Information About Specific Payments Allegedly Made by Jointly and Severally Liable Taxpayers ..................9

III.    LARSON'S EIGHTH AMENDMENT CLAIM SHOULD BE DISMISSED....................9

CONCLUSION................................................................................................................................10

## TABLE OF AUTHORITIES

**CASES**                                                                                                       **PAGE**

*Ardalan v. United States*,
    748 F.2d 1411 (10th Cir. 1984) ...............................................................................................6

*Austin v. United States*,
    509 U.S. 602 (1993)................................................................................................................10

*Bowen v. Massachusetts*,
    487 U.S. 879 (1988) ................................................................................................................7

*Bowen v. Mich. Acad. of Family Physicians*,
    476 U.S. 667 (1986)..................................................................................................................6

*Brown v. United States*,
    Civ. A. No. 91-A-1383, 1992 WL 87920 (D. Colo. Apr. 24, 1992)......................................4

*Callister Nebeker & McCullough v. United States*,
    No. 2:14-CV-919-TC, 2015 WL 5918494 (D. Utah Oct. 9, 2015)......................................10

*Clark Cnty. Bancorp. v. United States*,
    No. 13-632 (JEB), 2014 U.S. Dist. LEXIS 147984 (D.D.C. Sept. 19, 2014).......................7

*Cohen v. United States*,
    650 F.3d 717 (D.C. Cir. 2011) ................................................................................................8

*Conyers v. Rossides*,
    558 F.3d 137 (2d Cir. 2009).....................................................................................................6

*Cooper v. United States*,
    No. 92-1962, 1993 U.S. App. LEXIS 6105 (4th Cir. Mar. 22, 1993) ..................................2

*Curry v. United States*,
    774 F.2d 852 (7th Cir. 1985) ...............................................................................................2, 6

*Descamps v. United States*,
    133 S. Ct. 2276 (2013)..............................................................................................................9

*Diversified Grp., Inc. v. United States*,
    123 Fed. Cl. 442 (Fed. Cl. 2015),
    *appeal docketed*, No. 16-1014 (Fed. Cir. Oct. 6, 2015)............................................2, 3, 4, 7

*Flora v. United States*,
    357 U.S. 63 (1958), *aff'd on reh'g*, 362 U.S. 145 (1960)........................................1, 2, 3, 6

*Gustin v. United States,*
    876 F.2d 485 (5th Cir. 1989) ...................................................................................................4

*INS v. St. Cyr*,
    533 U.S. 289 (2001)....................................................................................................................6

*Ibrahim v. United States,*
    112 Fed. Cl. 333 (2013) .........................................................................................................10

*Johnston v. Comm'r,*
    429 F.2d 804 (6th Cir. 1970) ...................................................................................................5

*Korobkin v. United States*,
    988 F.2d 975 (9th Cir. 1993) ...............................................................................................3, 4

*Laing v. United States*,
    423 U.S. 161 (1976)...................................................................................................................5

*Lopes v. United States,*
    862 F. Supp. 1178 (S.D.N.Y. 1994).........................................................................................10

*Estate of Michael ex rel. Michael v. Lullo,*
    173 F.3d 503 (4th Cir. 1999) ...................................................................................................8

*Moore v. United States,*
    No. C13-2063RAJ, 2015 WL 1510007 (W.D. Wash. Apr. 1, 2015)...............................10

*Nat'l Rest. Ass'n v. Simon*,
    411 F. Supp. 993 (D.D.C. 1976)........................................................................................7, 8

*Pfaff v. United States*,
    No. 14-cv-03349-PAB-NYW, 2016 U.S. Dist. LEXIS 30844
    (D. Colo. Mar. 10, 2016)................................................................................................2, 3, 4, 5

*Phillips v. Comm'r*,
    283 U.S. 589 (1931)...................................................................................................................5

*Riggle v. United States,*
    131 F. App'x 273 (Fed. Cir. 2005) .......................................................................................10

*Rocovich v. United States*,
    933 F.2d 991 (Fed. Cir. 1991)............................................................................................2, 3, 4

*Ruckelshaus v. Sierra Club*,
    463 U.S. 680 (1983)...................................................................................................................4

*Segarra v. Fed. Reserve Bank of N.Y.*,
    17 F. Supp. 3d 304 (S.D.N.Y. 2014)..................................................................................9

*Sharkey v. Quarantillo*,
    541 F.3d 75 (2d Cir. 2008)..................................................................................................6

*Sherwood v. Scanlon*,
    207 F. Supp. 686 (E.D.N.Y. 1962) .....................................................................................4

*Steele v. United States*,
    280 F.2d 89 (8th Cir. 1960) ................................................................................................3

*United States v. Bajakajian*,
    524 U.S. 321 (1988)..........................................................................................................10

**STATUTES**

5 U.S.C. § 701(a)(1)...................................................................................................................6

5 U.S.C. § 704........................................................................................................................6, 8, 9

26 U.S.C. § 6103........................................................................................................................9

26 U.S.C. § 6111........................................................................................................................3

26 U.S.C. § 6112-14 ..................................................................................................................2

26 U.S.C. § 6672................................................................................................................3, 4, 9

26 U.S.C. § 6707............................................................................................................. *passim*

26 U.S.C. § 7421(a) ..................................................................................................................8

26 U.S.C. § 7422(a) ..................................................................................................................7

26 U.S.C. § 7441-42 ..................................................................................................................2

28 U.S.C. § 1346(a)(1)..................................................................................................1, 2, 4, 7

**OTHER**

IRS Non Docketed Service Advice Review 20032901F, 2003 WL 22205991 ..............................9

Reuters, *2 Ex-KPMG Managers Sentenced Over Tax Shelters*, N.Y. Times (April 1, 2009),
    http://www.nytimes.com/2009/04/02/business/02kpmg.html?_r=0............................................7

None of the arguments offered by Plaintiff John M. Larson establish that this court has subject matter jurisdiction to adjudicate his complaint. Larson cannot be excused from the requirement that he fully pay the outstanding penalties assessed against him prior to filing a tax refund action in district court. The only two courts to have addressed this question in the context of Section 6707 penalties have found that the full-payment rule does apply, and this court should do the same. There is no basis to treat Section 6707 penalties as divisible, nor are Larson's due process rights implicated simply because of the magnitude of the penalty for his misconduct and his alleged inability to pay the assessment.

Larson's APA and mandamus claims also are similarly meritless. Because the tax refund cause of action provides Larson with an adequate remedy in court, he cannot challenge the IRS's assessment of the penalty under the APA. Separately, Larson has not identified any relevant statute or regulation that even remotely suggests that the IRS failed to take any action that it was obligated to perform. Finally, Larson's Eighth Amendment claim also fails—there is no standalone cause of action available under the Eighth Amendment for a claim that fundamentally seeks money damages. The complaint therefore should be dismissed in its entirety.

## I.   LARSON'S TAX REFUND CLAIM SHOULD BE DISMISSED

### A.   The "Full-Payment" Rule Applies to Larson's Section 6707 Penalty

To file suit against the United States "for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority . . . ," 28 U.S.C. § 1346(a)(1), a taxpayer first must fully pay the challenged tax liabilities or penalties. *See Flora v. United States*, 357 U.S. 63 (1958) ("*Flora I*"), *aff'd on reh'g*, 362 U.S. 145 (1960) ("*Flora II*"). The applicability of the *Flora* full-payment rule is not limited to circumstances where a taxpayer has a pre-payment remedy in the U.S. Tax Court. In *Flora I*, the court traced the history of 28 U.S.C. § 1346(a)(1) and found that there was

"no room for contention" that the statute was "intended to alter in any way" the principle that, in district courts, persons challenging a tax must "pay first and litigate later"; in addition, in reaching this conclusion, the Court was aware that in situations where Tax Court review is unavailable, "the requirement of full payment may in some instances work a hardship." 357 U.S. at 75.  The purpose of the discussion in *Flora II* regarding the creation of the Board of Tax Appeals (later the U.S. Tax Court) was to show that Congress established that tribunal because it was acting "upon the assumption that 28 U.S.C. § 1346(a)(1) requires full payment before suit," a point expressed "throughout the congressional debates."[1]  *Flora II*, 362 U.S. at 157, 158-60. Thus, Larson's discussion of *Flora* is misleading—though the Court did discuss pre-payment remedies as part of its analysis, it did not find that the full-payment rule does not apply if a pre-payment forum is not available.  Indeed, the Seventh, Fourth, and Federal Circuits have held that *Flora* cannot be read so narrowly.  *See* Gov. Br. at 13; *Curry v. United States*, 774 F.2d 852, 854-55 (7th Cir. 1985); *Cooper v. United States*, No. 92-1962, 1993 U.S. App. LEXIS 6105, *2-3 (4th Cir. Mar. 22, 1993); *Rocovich v. United States*, 933 F.2d 991, 995 (Fed. Cir. 1991).

While Larson identifies cases where courts have interpreted the jurisdictional contours of *Flora*, *see* Pl. Br. at 6 n.2, none of them suggest that a penalty assessment independent of an underlying tax deficiency, such as a Section 6707 penalty, is not subject to the full-payment rule. Such a conclusion would require completely disregarding the plain language of 28 U.S.C. § 1346(a)(1), which applies to actions for, among other things, "*any penalty* claimed to have been collected without authority" (emphasis added).  *See Flora II*, 362 U.S. at 148-49.

Larson does not even acknowledge the recent decisions in *Pfaff v. United States*, No. 14-cv-03349-PAB-NYW, 2016 U.S. Dist. LEXIS 30844 (D. Colo. Mar. 10, 2016) and *Diversified*

---

[1] The scope of Tax Court jurisdiction is determined, and circumscribed, by Congress.  *See, e.g.*, 26 U.S.C. §§ 7441-42, 6112-14.  Larson could not contest the Section 6707 penalty in the Tax Court because Congress has not made Tax Court review available for such assessments.

2

*Group, Inc. v. United States*, 123 Fed. Cl. 442 (2015), *appeal docketed*, No. 16-1014 (Fed. Cir. Oct. 6, 2015), in his argument regarding the *Flora* full-payment rule. *See* Pl. Br. at 3-9. But no matter how Larson later attempts to distinguish these precedents—the only two cases to address whether full payment of a Section 6707 penalty is required before filing a tax refund action—both held that plaintiffs' failures to comply with the *Flora* full-payment rule left the courts without subject matter jurisdiction.[2]

### B. Section 6707 Penalties Are Not Divisible

"A tax or penalty is divisible when 'it represents the aggregate of taxes due on multiple transactions,'" *Diversified Grp.*, 123 Fed. Cl. at 451 (quoting *Rocovich,* 933 F.2d at 995), or "the sum of several independent assessments triggered by separate transactions," *Korobkin v. United States*, 988 F.2d 975, 976 (9th Cir. 1993). Consequently, a penalty that arises from a single event is not divisible. *Diversified Grp.*, 123 Fed. Cl. at 451, 455. Section 6707 liability flows from a single event—the failure to register a tax shelter pursuant to 26 U.S.C. § 6111—leaving no basis for the penalty to be divided. *Pfaff*, 2016 U.S. Dist. LEXIS at *7, *9; *Diversified Grp.*, 123 Fed. Cl. at 451; *see Rocovich*, 933 F.2d at 995 (estate tax not divisible); Gov. Br. at 10-11.

Larson claims that Section 6707 penalties should be considered divisible because penalties assessed pursuant to 26 U.S.C. § 6672 are divisible, *see* Pl. Br. at 12, an argument specifically rejected in both *Pfaff* and *Diversified Group*. *See* 2016 U.S. Dist. LEXIS at *8-9; 123 Fed. Cl. at 453, 455. Unlike Section 6707 penalties, 26 U.S.C. § 6672 penalties represent an employer's cumulative liability for multiple *independently taxable events*, namely the distinct payroll taxes due for each employee. *See Steele v. United States*, 280 F.2d 89, 91 (8th Cir.

---

[2] Larson suggests that this court should address the merits of his challenge to the assessed Section 6707 penalty before determining whether it has subject matter jurisdiction. *See* Pl. Br. at 3. But the entire purpose of the *Flora* full-payment rule is to require taxpayers to pay the assessed tax or penalty *before* examining the substantive merits of the taxpayer's dispute. The approach proposed by Larson would eviscerate *Flora*; not surprisingly, he does not cite any cases in support of this idea.

3

1960).  Accordingly, the total 26 U.S.C. § 6672 penalty, like other penalties found to be divisible, "represents the aggregate of *taxes due on multiple transactions*," *Diversified Grp.*, 123 Fed. Cl. at 451 (quoting *Rocovich,* 933 F.2d at 995) (emphasis added), rather than a penalty assessed for a singular failure.  This bears little relationship to the Section 6707 penalty, because the underlying transactions that comprise a tax shelter are not independently taxable.  *See Pfaff*, 2016 U.S. Dist. LEXIS at *7, *9; *Diversified Grp.*, 123 Fed. Cl. at 455.

Larson's unsupported assertion that "[d]ue process concerns warrant an expansive view of divisibility," Pl. Br. at 11, is contrary to multiple cases that have held that the exception to the full-payment rule for divisible taxes is "narrow," *see, e.g.*, *Korobkin*, 988 F.2d at 976; *Gustin v. United States*, 876 F.2d 485, 491 n.4 (5th Cir. 1989); *Diversified Grp.*, 123 Fed. Cl. at 456, and the well-established principle that waivers of sovereign immunity must be strictly construed in favor of the Government, *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685-86 (1983).  Whether a particular tax is divisible cannot be an *ad hoc* inquiry dependent on case-by-case circumstances of individual taxpayers.  In addition, it is misleading of Larson to suggest that any court has found a tax to be divisible in order to avoid an alleged "due process issue," and the cases relied upon in the opposition brief undermine this contention.  *See Brown v. United States*, Civ. A. No. 91-A-1383, 1992 WL 87920, at *4 (D. Colo. Apr. 24, 1992) (Pl. Br. at 11) ("adequate remedy at law does exist" under 28 U.S.C. § 1346(a)(1) even absent Tax Court remedy and despite allegation that plaintiffs were "unable to pay the assessments"); *Sherwood v. Scanlon*, 207 F. Supp. 686, 687-88 (E.D.N.Y. 1962) (Pl. Br. at 11) (recognizing divisibility of § 6672 penalty, but *granting* motion to dismiss despite likelihood of "hardship and distress" for taxpayer).[3]

---

[3] Contrary to Larson's assertion, *see* Pl. Br. at 10-11, the *Diversified Group* and *Pfaff* courts *were* presented with the argument that plaintiffs would not have an opportunity for judicial review if the Government's motions were granted.  *See Diversified Grp.* Dkt. No. 16 at 1 (plaintiffs argued that "since [p]laintiffs cannot possibly pay $25 million, if the Government wins this motion then [p]laintiffs probably

4

### C. The Due Process Clause of the Fifth Amendment Does Not Excuse Larson's Failure to Comply With the Full-Payment Rule

Numerous courts have recognized that the full-payment rule may create hardships for taxpayers—particularly where Tax Court review is unavailable—but not one has allowed for a new exception to the full-payment rule as a result. *See* Gov. Br. at 12-14. Through strategic use of italics and underlining, Larson implies that the Supreme Court has held that due process mandates the existence of a Tax Court remedy in addition to the availability of a tax refund suit. *See* Pl. Br. at 7 (discussing *Phillips v. Comm'r*, 283 U.S. 589, 597-98 (1931)). But this cannot be the case, as the Tax Court does not have the authority to adjudicate each and every type of tax dispute. *See Laing v. United States*, 423 U.S. 161, 207-08 (1976) (Blackmun, J., dissenting) ("There is, of course, no constitutional requirement that every tax dispute be adjudicable in the Tax Court. In fact, that court's jurisdiction is limited to income, estate, and gift taxes.").

According to *Phillips*, "summary proceedings to secure prompt performance of pecuniary obligations to the government have been consistently sustained" so long as "adequate opportunity is afforded for a later judicial determination of the legal rights." 283 U.S. at 595. Here, there clearly is an adequate legal mechanism—the tax refund suit—to address Larson's challenge to his Section 6707 penalty; the due process analysis cannot turn exclusively on the magnitude of the penalty Larson faces and his alleged inability to pay. *See Johnston v. Comm'r*, 429 F.2d 804, 806 (6th Cir. 1970) (rejecting due process challenge where Tax Court review was unavailable and petitioner alleged that expense of tax refund suit deprived him of meaningful opportunity for review). The threshold requirements for filing a refund lawsuit cannot be subverted by claims that either a particular individual's assets are too few, or the penalty amount is too great, to comply with Congressional directives. At most, the "hardship" faced by Larson

---

can never contest the penalty at all"); *Pfaff* Dkt. No. 29 at 9-11 (plaintiff argued that "the requirement of full payment for federal district court review would negate any opportunity for judicial review").

here is "a matter for legislative, not judicial remedy," *Curry*, 774 F.2d at 854; *see Flora I*, 357 U.S. at 75-76, and this court should not create a new exception to *Flora* to suit Larson's circumstances, *see Ardalan v. United States*, 748 F.2d 1411, 1414 (10th Cir. 1984) (refusing to create "a policy oriented exception" to *Flora*).

## II.   LARSON'S APA AND MANDAMUS CLAIMS SHOULD BE DISMISSED

Larson's alleged inability to pay his outstanding tax liabilities also should not determine whether his complaint overcomes the "threshold limitations on the scope of APA review," in particular the provision "limiting review to 'final agency action for which there is *no other adequate remedy in a court*.'" *Sharkey v. Quarantillo*, 541 F.3d 75, 87, 90 n.14 (2d Cir. 2008) (quoting 5 U.S.C. § 704) (emphasis added).[4]  The lengthy discussion of the legislative history of Section 6707 in the opposition brief is an irrelevant diversion—as the cases cited by Larson make clear (to the extent they implicate the APA at all), courts look to legislative intent when analyzing whether APA review is foreclosed because "statutes preclude judicial review," 5 U.S.C. § 701(a)(1), a threshold limitation that is not at issue in this case.[5]  *See Sharkey*, 541 F.3d at 84; *Bowen v. Mich. Acad. of Family Physicians*, 476 U.S. 667, 670, 673-74 (1986); *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009); *INS v. St. Cyr*, 533 U.S. 289, 298 (2001).  None of these cases used legislative history to assess the "adequate remedy in a court" provision of the APA, and there is no need to examine legislative history to reach that issue here.[6]

---

[4] The opposition brief largely focuses on APA restrictions—including the "final agency action" and "committed to agency discretion" requirements—that the Government has not contested for purposes of this motion to dismiss.  *See* Pl. Br. at 14-19.

[5] Larson is attacking a straw man of his own creation—at no point does the Government suggest that Section 6707 was designed by Congress to preclude judicial review.  *See* Pl. Br. at 16.  Rather, precisely because there *is* a separate avenue for judicial consideration of the IRS's assessment, the language of 5 U.S.C. § 704 prohibits review under the APA.

[6] In any event, the notion that Congress did not envision Section 6707 resulting in substantial penalties for promoters involved in enormous tax-avoidance schemes is, at best, speculative.  The

### A. Larson's First APA Claim Should Be Dismissed Because 28 U.S.C. 1346(a)(1) Provides a Specific Legal Remedy for the Relief He Seeks

Larson does not dispute that the APA "does not provide additional judicial remedies in situations where the Congress has provided special and adequate review procedures." *Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988). Nor can he challenge the fact that Congress has established a specific procedure to review the handling of penalty assessments—a tax refund suit pursuant to 26 U.S.C. § 7422(a) and 28 U.S.C. § 1346(a)(1). *See Clark Cnty. Bancorp. v. United States*, No. 13-632 (JEB), 2014 U.S. Dist. LEXIS 147984, *24-25 (D.D.C. Sept. 19, 2014).

Contrary to Larson's loaded framing, the proper question before the court regarding the availability of APA review is whether the APA provides an alternative means to challenge IRS action, despite the existence of Congressionally-authorized tax refund suit procedures, in cases where a delinquent taxpayer claims an inability to satisfy the full-payment requirement. The opposition brief does not identify any cases where a court has allowed an APA claim to proceed under these circumstances; in fact, none of the cases cited by Larson in support of this point are at all analogous to the facts presented here. *See* Pl. Br. at 20-21.

In *National Restaurant Association v. Simon*, the court refused to require plaintiffs to manufacture an episode of non-compliance with tax obligations—to become "in essence, a lawbreaker"—only so the resulting controversy could be litigated as a refund suit. 411 F. Supp. 993, 996 (D.D.C. 1976). But Larson already is a "lawbreaker"— not only because he is serving a federal prison sentence for the conduct that gave rise to this penalty assessment, but because that conduct took place years ago, and therefore presents no need to artificially create a vehicle

---

magnitude of the penalty at issue is directly attributable to the magnitude of the scheme for which Larson was convicted of orchestrating, which resulted in estimated losses of $100,000,000. *See* Reuters, *2 Ex-KPMG Managers Sentenced Over Tax Shelters*, N.Y. Times (April 1, 2009), http://www.nytimes.com/2009/04/02/business/02kpmg.html?_r=0 (last visited July 8, 2016). Further, the penalty assessed against Larson is not the only large Section 6707 penalty to be assessed by the IRS—the original penalty at issue in *Diversified Group* was more than $42 million. *See Diversified Grp.*, 123 Fed. Cl. at 445.

7

to pursue a tax refund claim.[7]  And unlike in *Simon*, where the idea of a refund suit was introduced as an argument by the Government, *see id.* at 994, 996, Larson recognizes that a tax refund suit is the appropriate procedural vehicle—it is the first cause of action in his complaint.

Similarly, the plaintiff in *Estate of Michael ex rel. Michael v. Lullo* never sought to file a tax refund suit; the court found that the IRS had generated the deficiency it was seeking to collect in a "transparently baseless" manner, and that a "pointless refund suit[ ]" would constitute a "waste of private, agency, and judicial resources."  173 F.3d at 510, 511, 512.  Again, this bears no relationship to the facts of this case, where Larson's malfeasance gave rise to the assessed penalty, and where he has filed a tax refund suit to challenge the penalty assessment.

Finally, *Cohen v. United States* is also inapplicable, as the majority made clear that plaintiffs' challenge to certain IRS *procedures* was "not a refund suit."  650 F.3d 717, 728, 734 (D.C. Cir. 2011).  In addition, the court highlighted the narrowness of its holding; describing the *Cohen* action as "*sui generis*," it noted that "[i]n the tax context, the only APA suits subject to review would be those cases pertaining to final agency action *unrelated to tax assessment and collection*."  *Id.* at 733 (emphasis added).

These cases do not demonstrate that Larson's alleged inability to pay his outstanding tax liability should affect whether his tax refund claim constitutes an "adequate remedy."  Larson's position would create an impractical system whereby subject matter jurisdiction for certain APA claims would be dependent not on generally applicable legal principles, but rather on the unique factual circumstances of each penalty amount and each taxpayer's finances.  Moreover, a finding that a tax refund action does not constitute an "adequate remedy" within the meaning of 5 U.S.C.

---

[7] Neither *Simon*, 411 F. Supp. at 995-96, nor *Estate of Michael ex rel. Michael v. Lullo*, 173 F.3d 503, 510 (4th Cir. 1999), addresses the "no other adequate remedy in a court" provision of 5 U.S.C. § 704—they discuss case law interpretations of the availability of an alternative forum for purposes of seeking relief under the Anti-Injunction Act, 26 U.S.C. § 7421(a).

§ 704 because of Larson's alleged inability to pay the substantial tax penalty assessed against him would, perversely, bestow additional avenues of legal recourse upon those delinquent taxpayers with the most egregious liabilities. The court should not permit Larson to distort the Congressionally-established framework for tax refund suits in this manner.

### B. Larson Cannot Compel the IRS to Provide Information About Specific Payments Allegedly Made by Jointly and Severally Liable Taxpayers

Larson does not point to any relevant statutory or regulatory language to support the notion that the IRS is obligated to provide him with information about its efforts to collect Section 6707 penalties from specific co-promoters jointly and severally liable with him. *See* Gov. Br. at 18-20. The fact that Congress crafted an exception to the strict requirements of 26 U.S.C. § 6103 to require disclosure of certain information upon request to persons jointly and severally liable for penalties pursuant to 26 U.S.C. § 6672, *see* 26 U.S.C. § 6103(e)(9), creates no comparable obligation for the IRS to provide information to persons liable for Section 6707 penalties. Indeed, this provision makes plain that Congress had no intention of imposing such a requirement—if Congress had wanted to extend this exception to information regarding Section 6707 penalties, it could have done so, but it did not.[8] *See, e.g., Descamps v. United States*, 133 S. Ct. 2276, 2287 (2013); *Segarra v. Fed. Reserve Bank of N.Y.*, 17 F. Supp. 3d 304, 312 (S.D.N.Y. 2014). Larson's claim seeking to "compel agency action" should be dismissed.

### III. LARSON'S EIGHTH AMENDMENT CLAIM SHOULD BE DISMISSED

The court also should not permit Larson to use his novel Eighth Amendment theory to save his deficient pleading, because the Government has not waived its sovereign immunity for

---

[8] Just because IRS guidance notes, generally, that joint and several liabilities under Section 6707 are "analogous to the joint and several liability imposed under § 6672," IRS Non Docketed Service Advice Review 20032901F (2003), 2003 WL 22205991, does not make statutory provisions regarding 26 U.S.C. § 6672 attributable to Section 6707 penalties. Further, the Non Docketed Service Advice Review relied upon by Larson states that it "may not be used or cited as precedent." *Id.*

9

lawsuits under the Eighth Amendment seeking money damages. While an Eighth Amendment argument is available as a defense in certain contexts, this "does not . . . provide a basis for either subject matter jurisdiction or waiver of sovereign immunity." *Lopes v. United States*, 862 F. Supp. 1178, 1185 (S.D.N.Y. 1994). Tellingly, Larson does not point to a single case involving a standalone affirmative civil claim pursuant to the Eighth Amendment. Instead, the Supreme Court cases relied on by Larson involve a civil forfeiture proceeding where the Excessive Fines Clause was invoked as a defense, *see Austin v. United States*, 509 U.S. 602, 604-05 (1993) (Pl. Br. at 22), and a challenge to a criminal forfeiture imposed as part of a sentence, *see United States v. Bajakajian*, 524 U.S. 321, 324-26, 333 (1988) (Pl. Br. at 22).

But Larson's purported Eighth Amendment cause of action is vague as to the relief he seeks, the gravamen of the complaint plainly is about money damages, not equitable relief.[9] Indeed, courts specifically have construed tax refund claims as actions for the recovery of money damages. *See, e.g.*, *Riggle v. United States*, 131 F. App'x 273, 274 (Fed. Cir. 2005); *Ibrahim v. United States*, 112 Fed. Cl. 333, 336 (2013). Larson's Eighth Amendment claim, like his tax refund, APA, and mandamus claims, should be dismissed.[10]

## CONCLUSION

For the foregoing reasons, and the reasons set forth in the Government's opening memorandum of law, the Government's motion to dismiss should be granted.

---

[9] None of the cases relied on by Larson addressing the availability of constitutional claims for equitable relief arise in the context of the Eighth Amendment.

[10] There is also scant support for the notion that Larson can "bring[ ] the claim as part of his refund action . . . and also under the APA." Pl. Br. at 23. In *Callister Nebeker & McCullough v. United States*, No. 2:14-CV-919-TC, 2015 WL 5918494 (D. Utah Oct. 9, 2015) ("CNM"), the Excessive Fines Clause argument was raised by plaintiff only as a defense to a counterclaim. *See* CNM Dkt. Nos. 2, 18 at 14. And while the court in *Moore v. United States*, No. C13-2063RAJ, 2015 WL 1510007, at *7, *13, (W.D. Wash. Apr. 1, 2015), did address—and reject—plaintiff's Eighth Amendment claim alongside the APA causes of action, that case did not involve a tax refund claim, nor was the court presented with arguments contesting subject matter jurisdiction.

Dated: New York, New York
July 8, 2016

                        PREET BHARARA
United States Attorney for the
Southern District of New York
*Attorney for Defendant United States of America*

By: */s/ Andrew E. Krause*
ANDREW E. KRAUSE
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York  10007
Telephone:  (212) 637-2769
Facsimile:   (212) 637-2786